IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| ROBERT PAUL BROZENICK, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 2:22-cv-01583 |
| | ) |
| | ) United States Magistrate Judge |
| vs. | ) Cynthia Reed Eddy |
| | ) |
| COMMONWEALTH OF PENNSYLVANIA | ) |
| and DISTRICT ATTORNEY OF | ) |
| ALLEGHENY COUNTY, | ) |
| | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION[1]

Petitioner, Robert Paul Brozenick, ("Brozenick" or "Petitioner"), has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging the June 28, 2018, judgment of sentence imposed on him by the Court of Common Pleas of Allegheny County, Pennsylvania, at its criminal case at CP-02-CR-0002351-2017. (ECF No. 6).  For the reasons that follow, the Petition will be dismissed for lack of subject matter jurisdiction.

### Jurisdiction

State prisoners seeking to obtain habeas relief under 28 U.S.C. § 2254 must demonstrate that they were "in custody" at the time the federal habeas petition was filed. The general rule is that a petitioner may not challenge a sentence that has expired.  The custody requirement is easily satisfied when the petitioner is subject to confinement or on probation at the time the petition is filed.  *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) ("it is . . . clear that being on probation

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to jurisdiction by a United States Magistrate Judge, including entry of final judgment. (ECF Nos. 19 and 20).

meets the "in custody" requirement for purposes of the habeas statute."). This "in custody" requirement is jurisdictional and presents a threshold matter to be decided by the federal court.

## Background and Procedural History

Following a jury trial, Brozenick was found guilty of four misdemeanor counts of Terroristic Threats and four misdemeanor counts of Simple Assault.[2] He was sentenced on June 28, 2018, to an aggregate sentence of 24 months probation. The instant federal habeas petition was filed on November 9, 2022.

The instant case was stayed and administratively closed on December 16, 2022, pending the resolution of Brozenick's PCRA Petition. (ECF No. 7). On March 7, 2023, Brozenick's PCRA petition was denied. Following the denial of his PCRA petition, Brozenick filed a Motion to Reopen Case in this Court. (ECF No. 11). In their response to the Motion to Reopen, Respondents argued that this Court lacked subject matter jurisdiction because Petitioner was not "in custody" for purposes of 28 U.S.C. § 2254 when he initiated this case. (ECF No. 13). The Court directed Brozenick to reply to Respondents' argument, specifically addressing the "in custody" issue. (ECF No. 14).

Brozenick filed a timely Reply and Amended Reply, (ECF Nos. 15 and 16). In neither filing did he address the "in custody" issue; rather he complained about the alleged errors that occurred in the course of the state court proceedings leading to his convictions. However, no matter what errors occurred during the proceedings leading to his conviction and or during the appellate procedures or post conviction procedures in state court, if Brozenick was not in custody pursuant

---

[2] The Court takes judicial notice of the docket in the criminal case against Petitioner in Commonwealth v. Brozenick, CP-02-CR-0002351-2017 (Allegheny County CCP), which is the judgment he is seeking to attack via the instant Petition in this Court.

to the conviction being challenged herein at the time he filed this Petition, the Court lacks subject matter jurisdiction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

Brozenick has not disputed that his probation had ceased at the time of he filed this federal habeas case. Thus, the Petition will be dismissed due to lack of subject matter jurisdiction.

### Certificate of Appealability

Because jurists of reason would not find the foregoing analysis to be debatable, a Certificate of Appealability will be denied.

### Conclusion

For the reasons set forth herein, this case will be dismissed because this Court lacks subject matter jurisdiction. A Certificate of Appealability will be denied as well. An appropriate Order follows.

May 15, 2023                                    BY THE COURT:

                                                s/Cynthia Reed Eddy
                                                Cynthia Reed Eddy
                                                United States Magistrate Judge


cc:     ROBERT PAUL BROZENICK
        P.O. Box 393
        Carnegie, PA 15106
        (via U.S. First Class Mail)

        Samantha Renee Bentley
        Allegheny County District Attorney
        (via ECF electronic notification)